IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )| |
| Plaintiff,        ) | |
| ) | |
| vs.                                                                 ) | NO. CR 04-1512 RB |
| ) | |
| ) | |
| TOMAS PONCE-GARCIA,        ) | |
| ) | |
| Defendant.        ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Ponce's) Motion for Judgment of Acquittal or New Trial (Doc. 70), filed on July 5, 2005. Having considered the record, arguments of counsel, and being otherwise fully advised, the Court finds that this motion should be denied.

On June 27-28, 2005, Ponce was tried before a jury and found guilty of importation of more than 50 kilograms of marijuana and possession with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C); 952(a); 960(a)(1); and 960(b)(3).

Ponce moves for a judgment of acquittal or a new trial on the grounds that no competent evidence was presented at trial that established that the offense occurred in the United States and in the District of New Mexico. In considering a motion for judgment of acquittal pursuant to FED. R. CRIM. P. 29, the standard is whether, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government, there is substantial evidence from which a reasonable jury might properly find the accused guilty beyond a reasonable doubt. *United States v. Valadez-Gallegos*, 162 F.3d 1256, 1262 (10th Cir. 1998). A motion for a new trial may be granted

"if the interests of justice so require." FED. R. CRIM. P. 33.

At the June 27, 2005 jury trial, Agent Steve Ehrlich testified that he was working at the Columbus port of entry on May 5, 2004 in Columbus, New Mexico. (Partial Trial Tr. 5.) Just before 6:00 a.m., Agent Ehrlich walked from the pedestrian inspection lane to the primary vehicle inspection lane. (*Id.*) Agent Ehrlich was preparing to relieve Agent Varnes, who was working the primary vehicle inspection lane. (Tr. 6.) As he left the port of entry building, Agent Ehrlich noticed that a red Chevy Cavalier was pulling into the primary vehicle inspection lane. (*Id.*) After the vehicle stopped, Agent Varnes engaged the driver in conversation. (*Id.*)

Agent Ehrlich recognized the driver and the vehicle from the day before. (Tr. at 7.) At trial, Agent Ehrlich identified the driver as Ponce. (*Id.*) Agent Ehrlich testified that the vehicle looked different than it did the day before because Ponce was sitting higher in the vehicle and the back of the vehicle was riding lower. (*Id.*) This indicated to Agent Ehrlich that something was hidden in the back of the vehicle. (Tr. 8.) A search revealed bundles of marijuana hidden in the back seat. (Tr. 11.)

Ponce argues that the evidence adduced at trial is insufficient to establish that the offense occurred in the United States and the District of New Mexico. Agent Ehrlich testified that the offense and apprehension occurred at the Columbus port of entry in Columbus, New Mexico. Agent Erhlich testified that he observed Ponce at the primary vehicle inspection area. Thus, Agent Erhlich's testimony was based on his personal knowledge. Ponce had the opportunity to cross examine Agent Ehrlich about his observations at trial.

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government, there is substantial, competent evidence that the offense occurred within the District

of New Mexico and the United States. The interests of justice do not require a new trial. The motion will be denied.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**